IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALICIA LINTNER, Personal
Representative of the Estate of
Debbie Lee Dalton, Deceased,

        Plaintiff,

   v.

WALMART INC.,

        Defendant.

Case No. 6:21-cv-01150-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

    Plaintiff brings this negligence action on behalf of Debbie Lee Dalton, now deceased, for injuries Ms. Dalton suffered while attempting to use a wheelchair at a Walmart store. Defendant Walmart moves for summary judgment, arguing that Plaintiff has not shown her injuries were caused by a dangerous or defective condition. Because Plaintiff raised a genuine issue of material fact as to causation, Walmart's Motion for Summary Judgment (ECF No. 20) is DENIED.

### FACTUAL BACKGROUND

    Plaintiff's decedent Debbie Lee Dalton visited Defendant Walmart's store in Salem, Oregon with her grandson and two family friends. Def.'s Notice of Removal, Ex. B, ¶ 2–3, ECF No. 1. Ms. Dalton was 61-years-old and suffered from chronic obstructive pulmonary disease, required full-time supplemental oxygen, and had recently been hospitalized for swelling in her legs. *Id.* ¶ 3. Due to her health conditions, Ms. Dalton asked her grandson to get a "wheelchair

1 – OPINION AND ORDER

cart" from the Walmart store to assist her while shopping. *Id.* ¶ 3–4. After asking a Walmart greeter if any wheelchairs were available, Ms. Dalton's grandson grabbed the only remaining "Sit & Shop" wheelchair available. *Id.* ¶ 4–5. The Sit & Shop wheelchair had a shopping basket attached to the front of the chair, which a user must lift up and to the side to access the seat. *Id.* ¶ 5.

Ms. Dalton's grandson took the chair outside, placed it in front of the vehicle's passenger door where Ms. Dalton was sitting, and engaged the chair's wheel brakes. *Id.* ¶ 6–7. While the basket of the chair was lifted up and to the side, Ms. Dalton exited the vehicle, leaning on the chair to transfer herself into the seat. *Id.* When Ms. Dalton sat down, the chair collapsed. *Id.* ¶ 7. She fell onto the parking lot pavement and the shopping basket fell on her. *Id.* Ms. Dalton suffered "several large skin tears and muscle-deep lacerations on her arms and legs," and was heavily bleeding from her wounds. *Id.* ¶ 7–8. She was taken by ambulance to the Salem Hospital for treatment. *Id.* ¶ 9. Plaintiff subsequently filed this negligence and premises liability action, seeking $1 million in noneconomic damages and $97,350.18 in economic damages for Ms. Dalton's injuries. *Id.* ¶ 23–24.

## STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th

Cir. 2006). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Plaintiff alleges Walmart had a duty to exercise reasonable care to make its store premises reasonably safe for its patrons. Def.'s Notice of Removal, Ex. B, ¶ 16. Included in that duty, Plaintiff alleges, is an "obligation to inspect for and warn patrons of latent dangers on the [store] premises that were known, or in the exercise of reasonable care should have been known, to defendant Walmart." *Id.* Regarding Ms. Dalton's injuries, Plaintiff argues that Walmart breached its duty of care by failing to (1) inspect and remove hazardous wheelchairs from its store, (2) warn customers of a dangerous condition on the premises, (3) provide adequate instructions near or on the wheelchairs regarding safe usage, and (4) train its employees to inspect and verify the safety of the wheelchairs. *Id.* ¶ 20; Pl.'s Mem. Opp'n Def.'s Mot. Summ. J. 11, ECF No. 25. Walmart responds that Plaintiff failed to produce any evidence that Ms. Dalton's injuries were caused by a dangerous or defective condition. Def.'s Mot. Summ. J. 3, ECF No. 20. Walmart contends that the wheelchair was not defective, that it was labeled with conspicuous warnings, and that Ms. Dalton's injuries were caused by her own misuse. *Id.*

To succeed on a negligence claim, Plaintiff must show:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

3 – OPINION AND ORDER

*Son v. Ashland Cmty. Healthcare Servs.*, 244 P.3d 835, 841 (Or. Ct. App. 2010). The Court finds that Plaintiff raised a genuine issue of material fact as to whether Walmart's conduct caused a foreseeable risk of harm to Ms. Dalton.

Walmart's main contention is that Plaintiff submitted no evidence showing that the wheelchair was defective. Def.'s Mot. Summ. J. 3; Def.'s Reply ISO Mot. Summ. J. 2, ECF No. 26. Walmart asserts that Ms. Dalton's injuries were instead caused by her own misuse of an otherwise normally functioning wheelchair. Def.'s Mot. Summ. J. 3. But Plaintiff's negligence action does not hinge solely on the defectiveness of the chair. Though Plaintiff does assert that Walmart negligently failed to maintain and inspect its wheelchairs, Plaintiff also bases negligence on Walmart's separate failure to provide instructions and warnings regarding proper use of the chairs. Pl.'s Mem. Opp'n 11. According to Plaintiff, even if the chair was perfectly functional, a trier of fact could find that Walmart's failure to provide warnings and instructions regarding proper use of the chair was a cause of Ms. Dalton's injuries.

In response, Walmart submits that the wheelchair Ms. Dalton used was labeled with conspicuous warnings. Def.'s Mot. Summ. J. 3; Lancaster Decl. Ex. 2, ECF No. 21. Plaintiff, however, points to other evidence which suggests warnings and instructions were not available to customers. For example, a Walmart employee testified that the Salem store posted no instructions or warnings near where the wheelchairs were stored or on the chairs themselves. Pl.'s Mem. Opp'n Ex. 2, at 15. Plaintiff further provided evidence of operating instructions and warnings for the chair which instruct users to "[a]sk store personnel for assistance entering and exiting the chair." *Id.* Ex. 5. But Walmart did not make these instructions or warnings available to customers. *Id.* Ex. 2, at 15. The same Walmart employee said she had no knowledge or training regarding how to safely setup or operate the wheelchair. *Id.* Ex. 2, at 9, 12–13.

4 – OPINION AND ORDER

Viewing the facts and inferences in the light most favorable to Plaintiff, a jury could reasonably infer that Walmart's failure to provide instructions, warnings, or training to employees regarding proper use of the wheelchair was a cause of Ms. Dalton's injuries. Walmart will certainly have the opportunity to present evidence regarding Ms. Dalton's potential misuse of the chair to rebut causation. But because Plaintiff has raised a genuine issue of material fact on the issue, summary judgment is inappropriate. *See Sworden v. Gross*, 243 Or. 83, 87 (1966) ("When reasonable persons can differ upon the point, causation is a jury question.").

## CONCLUSION

For the above reasons, Walmart's Motion for Summary Judgment (ECF No. 20) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of November, 2022.

_____s/Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

5 – OPINION AND ORDER